United States District Court
Southern District of Texas
**ENTERED**
November 27, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HARRIS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-01414 |
| | § | |
| BSI FINANCIAL SERVICES, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court in this wrongful foreclosure action is Plaintiff's Motion to Remand.  ECF 11.[1]  Defendants filed a Response (ECF 12), and Plaintiff filed a Reply (ECF 17).  The Court RECOMMENDS that the Motion to Remand be DENIED.

## I.   Background

Plaintiff, proceeding pro se, filed this case in state court on April 12, 2023 to challenge the March 7, 2023 foreclosure sale of a residential property in Katy, Texas. ECF 1-3 at 8.  The allegations in Plaintiff's Petition establish that he is a resident and citizen of Texas.  ECF 1-3 at 8-15.  Defendants removed this action to federal court on April 16, 2023, invoking this Court's diversity jurisdiction under 28 U.S.C.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 5.

§ 1332(a).  ECF 1.  Defendants represent in the Notice of Removal that Plaintiff is a citizen of Texas; Defendant BSI Financial Services, Inc. is a citizen of Delaware (its place of incorporation) and Pennsylvania (its principal place of business); and Defendant Residential Mortgage Loan Trust 2020-1 is a citizen of Ohio because its Trustee, U.S. Bank, is a citizen of Ohio.  ECF 1 at 4-5.

Plaintiff filed his Motion to Remand on June 28, 2023, over 70 days after removal.  ECF 11.  A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  Plaintiff argues that his Motion is timely because it is based on the fact that the court "lacks subject matter jurisdiction to proceed."  ECF 17 at 1.

## II.    Legal Standard

The party asserting diversity jurisdiction bears the burden of persuasion as to all aspects of jurisdiction.  *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).  District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  Section 1441(a) of Title 28 authorizes the removal of actions to the United States district court in the district and division embracing the place where the state court action is pending.  Citizenship of the parties should be "distinctly and

2

affirmatively alleged" when jurisdiction depends on citizenship. *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (internal quotation omitted). With respect to determining the amount in controversy, 28 U.S.C. § 1446(c)(2) provides that ". . . the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

## III. Analysis

Defendants allege that complete diversity exists because Plaintiff is a citizen of Texas and all Defendants are domiciled outside of Texas. ECF 1 at ¶ 16. Plaintiff's argument that "Defendant's [sic] fail to state the details on what states they are citizens of" (ECF 17 at 1) is clearly belied by the allegations in the Notice of Removal. ECF 1 at ¶¶ 12-16 (alleging that BSI is a Delaware corporation with its principal place of business in Pennsylvania; U.S. Bank is a citizen of Ohio; and RMLT 2020-1 is a citizen of Ohio). Defendants have met their burden to establish that complete diversity exists in this matter.

Plaintiff does not challenge the amount in controversy, but that component of diversity jurisdiction is clearly met in this case. "[W]hen 'a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Perez v. Wells Fargo USA Holdings, Inc.*, No. 7:19-CV-317, 2019 WL 6687704, at *4 (S.D. Tex. Dec. 6, 2019) (citing *Waller v. Prof'l Ins. Corp.*, 296

3

F.2d 545, 547-48 (5th Cir. 1961)).  Here, The Petition alleges that the property is valued at "approximately $2,600,000."  ECF 1-3 at 8.

Defendants have met their burden to establish subject matter jurisdicition on the basis of diversity under 28 U.S.C. § 1332.  Nothing in Plaintiff's Motion to Remand or Reply contradicts the jurisdictional facts asserted by Defendants in support of diversity jurisdiction.  *See* ECF 11; ECF 17.

## IV.    Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 27, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

4