United States District Court
Southern District of Texas
**ENTERED**
November 27, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MICHAEL HARRIS,<br>    *Plaintiff*,<br><br>v.<br><br>BSI FINANCIAL SERVICES, ET AL.,<br>    *Defendants*. | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:23-CV-01414<br>§<br>§<br>§ |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Michael Harris, *pro* se, brought this case in state court to challenge the foreclosure on his residential mortgage.[1]  ECF 1-3.  Defendants BSI Financial Services ("BSI"), U.S. Bank National Association ("US Bank"), and Residential Mortgage Loan Trust 2020-1 ("RMLT 2021") (collectively, "Defendants") timely removed the case to this federal court based on the Court's diversity jurisdiction.  ECF 1 at ¶ 7.  Before the Court is Defendants' April 16, 2023 Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF 2), to which Plaintiff did not file a timely response.  *See* LOC. R. S.D. TEX. 7.3, 7.4.  Also before the Court is a Motion for Summary Judgment and Declaration in support of the Motion filed by Plaintiff on August 23, 2023 (ECF 18; ECF 19).  Having reviewed the submissions

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 5.

and the law, the Court RECOMMENDS that Defendants' Motion be GRANTED as follows, and that Plaintiff's Motion be DENIED.

## I. Background

On October 25, 2019, Plaintiff and his wife, Elsa Harris, executed a promissory Note in the principal amount of $1,593,750.00 in favor of the original lender, Homexpress Mortgage Corp. ECF 2-1 at 4-5. On the same date, Plaintiff and his wife executed a deed of trust ("Deed of Trust") on 4707 Schlipf Road, Katy, Texas 77493 (the "Property"). *Id.* at 6. On December 8, 2020, Homexpress assigned the Deed of Trust to US Bank. ECF 2-2 at 2. A Notice of Substitute Trustee's Sale filed on January 11, 2021 indicates that Plaintiff defaulted on the covenants in the Deed of Trust, and the Property was noticed to be auctioned at a foreclosure sale on February 2, 2021. ECF 2-3 at 3-4. Before the foreclosure sale was consummated, Plaintiff filed a civil action to preclude the foreclosure in the 506th District Court of Waller County, Texas, and that case was removed to federal court and ultimately dismissed by agreed Motion on April 23, 2021. ECF 2-4 at 2-4. Then, on November 15, 2021, the Property was noticed for auction at a foreclosure sale to take place on December 7, 2021. ECF 2-5 at 3-4. On April 12, 2022, the Property was again noticed for a foreclosure sale on May 3, 2022. ECF 2-7 at 4-5. Plaintiff filed a Petition for Chapter 11 bankruptcy in the U.S. District Court for the Southern

District of Texas on May 2, 2022.  ECF 2-8 at 2.  After a hearing, the Bankruptcy Court issued an Order on November 16, 2022, lifting the automatic stay on foreclosure effective January 1, 2023.  *Id.* at 12.

On February 13, 2023, the Property was again noticed for an auction at a foreclosure sale on March 7, 2023.  ECF 2-9 at 10-11.  The Notice was accompanied by a Notice of Default (*id.* at 22) and a Notice of Acceleration (*id.* at 19-21).  The foreclosure sale ultimately took place on March 7, 2023, and the Substitute Trustee's Deed and attached Affidavit were recorded in the real property records of Waller County on March 20, 2023.  *Id.* at 3.  The Deed indicates that US Bank was the highest cash bidder at the auction and was granted the Property for the sum of $2,052,687.79.  *Id.*

On April 11, 2023, Plaintiff, proceeding *pro se*, filed an original "Petition to Set Aside the Sale and Judgment for Due Process Violations" in the 506th District Court of Waller County, Texas.  ECF 1.  The Petition alleges that Defendants BSI Financial Services (BSI), U.S. Bank National Association ("US Bank"), and Residential Mortgage Loan Trust 2020-1 ("RMLT 2021") (collectively, "Defendants") failed to provide Plaintiff and his wife with notice of the foreclosure prior to the March 7, 2023 sale.  ECF 1-3 at 8-10.  The Petition also alleges that Defendants "violated clearly the Due Process Clause in the US and Texas

3

Constitutions." *Id.* at 15. With respect to relief, Plaintiff invites the Court to "vacate the judgment and set aside the [foreclosure] sale." *Id.*

Defendants removed this action to federal court on April 16, 2023, invoking this Court's diversity jurisdiction. ECF 1. On that same day, Defendants filed the instant Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6). ECF 2. Plaintiff did not file a response to the Motion but filed a Motion to Remand (ECF 11) and a Motion for Summary Judgment (ECF 18). The Motion to Remand is the subject of a separate Memorandum and Recommendation in which the Court recommends that the Motion be denied because Defendants have satisfied their burden to establish diversity jurisdiction. ECF 20. Because the Court concludes that Plaintiff's Petition fails to state a plausible claim for relief, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted and that Plaintiff's Motion for Summary Judgment[2] (ECF 18) be DENIED.

## II. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

---

[2] The Court has also considered the Motion for Summary Judgment as a Response to the Motion to Dismiss.

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiff's claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir.2007). As requested by Defendants (ECF 2 at 2-3), and without objection

5

from Plaintiff, the Court takes judicial notice of the following public records attached as Exhibits 1-9 to Defendants' Motion:

1. Deed of Trust recorded on 11/01/2019 in the real property records of WALLER County, Texas at Instrument Number 1909251;

2. Assignment of Deed of Trust dated 12/13/2019 and recorded in the real property records of WALLER County, Texas at Instrument Number 2012322;

3. Notice of Substitute Trustee Sale filed with the WALLER County Clerk's office on 1/11/2021;

4. PACER Docket in Texas Southern District of Texas (Civil) (Houston) Case No. 4:21-cv-00440;

5. Notice of Substitute Trustee Sale filed with the WALLER County Clerk's office on 11/15/2021;

6. PACER Docket in Southern District of Texas (Civil) (Houston) Case No. 4:21-cv-04039;

7. Notice of Substitute Trustee Sale filed with the WALLER County Clerk's office on 4/12/2022;

8. PACER Docket in Southern District of Texas (Bankruptcy) (Houston) Case No. 22-31211; and

9. Substitute Trustee's Deed recorded on 3/20/2023 in the real property records of Waller County, Texas at Instrument No. 2303204.

## III. Analysis

Plaintiff's Petition asks the Court to set aside the March 7, 2023 foreclosure sale. ECF 1-3 at 15. The Petition recites legal standards but makes no factual allegations regarding Defendants' actions in the foreclosure proceedings. *See* ECF 1-3 at 8-15. Plaintiff's challenge to the foreclosure sale seems to be based only on his allegation that he did not receive notice of the sale. *Id.* at 8. The Court construes the Petition as Plaintiffs' attempt to assert a cause of action for wrongful foreclosure.[3]

To recover damages under a claim for wrongful foreclosure, a Plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Bridges v. Bank of New York Mellon*, No. CV H-17-1429, 2018 WL 836061, at *10 (S.D. Tex. Feb. 12, 2018) (citations omitted). The Petition does not allege any of the three required elements

---

[3] The Petition contains a passing reference to a violation of due process. ECF 1-3 at 15. Plaintiff makes no factual allegations to support any due process claim, and Plaintiff expressly disavowed any U.S. Constitutional claim in his Motion to Remand. ECF 11. In any event, a claim for violation of the due process clause is properly asserted only against state, not private, actors. *Fisher v. Moore*, 73 F.4th 367, 371 (5th Cir. 2023) (stating: "[t]he Due Process Clause ... does not, as a general matter, require the government to protect its citizens from the acts of private actors." (citation omitted)). The Defendants in this case are not state actors.

of a wrongful foreclosure claim. The requirements for a foreclosure sale are set forth in Texas Property Code § 51.002. Under § 51.002(b), notice of the sale must be given by:

(1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;

(2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and

(3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

"Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e). Documents attached to Plaintiff's Petition show that Defendant satisfied § 51.002(b)(3), which requires service on the debtor. ECF 1-3 at 35-40. The Texas Property Code contains no requirement that Plaintiff receive the notice. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (holding that BAC met its burden by presenting evidence of mailing the notice because a there is no requirement that Martins receive the notice). Furthermore, Plaintiff has not and cannot allege that the property sold for a grossly inadequate price.

In addition, "in order to be entitled to have a foreclosure sale set aside in Texas, a plaintiff must actually tender—not just offer to tender—the full amount owed on the note." *Hill v. Wells Fargo Bank*, Civil Action No. V-12-11, 2012 WL 2065377, at *9 (S.D. Tex. June 6, 2012) (citing *Lambert v. First Nat. Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.—Ft. Worth 1999, pet. denied)).  Here, Plaintiff alleges that unidentified buyers are willing to purchase the property at an unspecified price.  ECF 1-3 at 8-9.  Plaintiff fails to allege that he tendered payment in any amount to Defendants.

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  However, denial of leave to amend is justified where it would be futile. *See Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016).  An amendment is futile if the amended complaint would fail to state a claim under the standard of Rule 12(b)(6). *Id.* (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).  The record in this case, of which the Court has properly taken judicial notice, establishes that leave to amend would be futile.  Plaintiff neither denies having defaulted on the note nor that the deed of trust authorizes foreclosure.  Plaintiff has not and cannot in good faith plead that the property was sold for a grossly inadequate price.  This suit is the latest in several attempts to use

9

the courts to delay his loss of the property, demonstrating that Plaintiff could not have been taken by surprise by the March 7, 2023 foreclosure sale. The fact that Plaintiff would prefer to sell the house himself does not make foreclosure wrongful. The Court concludes that Plaintiff has already pleaded his "best case" and leave to amend would be futile. *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (stating that granting leave to amend is not required if the plaintiff has already pleaded her "best case."). Therefore, the Court recommends dismissal of this case with prejudice.

### IV.    Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss for Failure to State a Claim (ECF 2) be GRANTED, Plaintiff's Motion for Summary Judgment (ECF 18) be DENIED, and this case be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79

F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 27, 2023, at Houston, Texas.

                                            Christina A. Bryan
                                   United States Magistrate Judge